UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Opus North Corporation,

    Plaintiff,

v.                                     Case No. 2:07cv524

Accent Glass & Mirror Co., Inc., *et al.*,      Judge Michael H. Watson

    Defendant.

## OPINION AND ORDER

Before the Court are the following:

1.     The February 3, 2009 Motion of Plaintiff Opus North Corporation (hereinafter "Plaintiff") *in Limine* to Exclude Expert Testimony (Doc. 30). Plaintiff filed a Supplemental Memorandum on March 9, 2009 (Doc. 42). Defendant Accent Glass & Mirror Co., Inc. (hereinafter "Defendant") filed a Memorandum in Opposition on March 16, 2009 (Doc. 43). Plaintiff filed a Reply Memorandum on March 19, 2009 (Doc. 44).

2.     The March 19, 2009 Motion of Plaintiff *in Limine* to Exclude Testimony or Reference to the Parties' Financial Resources (Doc. 45). This motion is unopposed.

### I.   Expert Testimony

Plaintiff seeks, pursuant to Fed. R. Civ. P. 37(c)(1), an order from the Court barring Defendant from introducing expert testimony. Plaintiff contends Defendant failed to disclose or identify any witnesses who may present expert testimony as required by Fed. R. Civ. P. 26(c)(2) and the Court's May 28, 2008 Order.

Upon consideration of the arguments of the parties and relevant case law, the Court hereby **DEFERS** ruling on the February 3, 2009 Motion of Plaintiff *in Limine* to Exclude Expert Testimony (Doc. 30). As the parties did not take any depositions in this matter, the Court has no basis for knowing the proposed witnesses' testimony. Under these circumstances it is not appropriate for the Court to rule that the witnesses can or cannot testify as to a particular subject. Therefore, the Court will *voir dire* the witnesses who Plaintiff challenges, prior to their testimony before the jury, to ascertain the extent of their testimony and what will be admissible.

## II. Financial Resources

Plaintiff seek, pursuant to Fed. R. Evid. 402 and 403, an order from the Court prohibiting Defendant from introducing any testimony of, or reference to, the financial resources or size of either party. Plaintiff contends such statements are irrelevant and prejudicial. As previously stated, Defendant does not oppose this motion. Accordingly, the March 19, 2009 Motion of Plaintiff *in Limine* to Exclude Testimony or Reference to the Parties' Financial Resources (Doc. 45) is hereby **GRANTED**.

**IT IS SO ORDERED.**

Michael H. Watson, Judge
United States District Court